IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRANDON S. BELLAR,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

CASE NO. 2:15-CV-02839
CRIM. NO. 2:14-CR-00030
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Petitioner, a federal prisoner, brings the instant *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 26.) Petitioner asserts that he was improperly sentenced as a career offender under § 4B1.1 and § 4B1.2 of the United States Sentencing Guidelines. As support for his claim, he argues that the Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015), which held that "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague, implied that similar, if not identical, language which appears in in those sections of the Sentencing Guidelines is also unconstitutionally vague, and that he should be resentenced without regard to those portions of the Guidelines.

On March 6, 2017, however, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2(a)(2) therefore is not void for vagueness. *Beckles v. United States*, 580 U.S. --, 2017 WL 855781 (2017). The Supreme Court reasoned that "[u]nlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate

sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 580 U.S. -, -, 2017 WL 855781 at *6.

Based on the Supreme Court's *Beckles* decision, it now appears to the Court that "the moving party is not entitled to relief." See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under these circumstances, Rule 4(b) states that "the judge must dismiss the motion ...." Consequently, for the reasons stated in this *Opinion and Order*, the motion to vacate is **DENIED**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
United States District Judge